IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| **GARY LAMONTT SMITH** ) | **CRIMINAL NO.: 2:11:472** |
|     a/k/a "G", ) | 18 USC §2 |
|     a/k/a "Black", ) | 18 USC §521 |
|     a/k/a Marion Alexander Smith, Jr., ) | 18 USC §922(g)(1) |
|     a/k/a Jermaine Arcel Turner; ) | 18 USC §924(a)(1) |
| **JERMAINE LORENZO BAILEY,** ) | 18 USC §924(c)(1)(A)(i) |
|     a/k/a "Yellow"; ) | 18 USC §924(c)(1)(A)(iii) |
| **SHAKENTH RENARD DEVEAUX,** ) | 18 USC §924(e) |
|     a/k/a "Lil D", ) | 18 USC §924(j) |
|     a/k/a Dernard Deveaux, ) | 18 USC §924(j)(1) |
|     a/k/a Shakenth Bernard Deveaux, ) | 21 USC §841(a)(1) |
|     a/k/a Shakenth Deveaux; ) | 21 USC §841(b)(1)(A) |
| **SHAWN DEMETRIUS BLOUNT,** ) | 21 USC §841(b)(1)(B) |
|     a/k/a "Cut", ) | 21 USC §841(b)(1)(C) |
|     a/k/a "Ray"; ) | 21 USC §843(b) |
| **MONQUESE JENKINS,** ) | 21 USC §846 |
|     a/k/a "BG", ) | |
|     a/k/a Sadiki Whitfield, ) | |
|     a/k/a Chaz Burkett; ) | |
| **CEPHUS MITCHELL,** ) | **FOURTH SUPERSEDING** |
|     a/k/a "C-4", ) | **INDICTMENT** |
|     a/k/a "Lil C"; ) | |
| **VASHTY WEST;** ) | |
| **ANGELA DENISE PRIOLEAU;** ) | |
| **DERRICK CRISWELL,** ) | |
|     a/k/a "DC", ) | |
|     a/k/a "Crosser", ) | |
|     a/k/a "Double Crosser" ) | |

## COUNT 1

THE GRAND JURY CHARGES:

    That beginning at a time unknown to the grand jury, but beginning at least in 2006, and continuing thereafter, up to and including the date of this indictment, in the District of South Carolina, the defendants, **GARY LAMONTT SMITH**, a/k/a "G", a/k/a "Black", a/k/a Marion Alexander Smith, Jr., a/k/a Jermaine Arcel Turner; **JERMAINE LORENZO BAILEY,**

[1]

a/k/a "Yellow"; SHAKENTH RENARD DEVEAUX, a/k/a "Lil D", a/k/a Dernard Deveaux, a/k/a Shakenth Bernard Deveaux, a/k/a Shakenth Deveaux; SHAWN DEMETRIUS BLOUNT, a/k/a "Cut", a/k/a "Ray"; MONQUESE JENKINS, a/k/a "BG", a/k/a Sadiki Whitfield, a/k/a Chaz Burkett; CEPHUS MITCHELL, a/k/a "C-4", a/k/a "Lil C"; VASHTY WEST; ANGELA DENISE PRIOLEAU; and DERRICK CRISWELL, a/k/a "DC", a/k/a "Crosser", a/k/a "Double Crosser", knowingly and intentionally did combine, conspire, agree and have tacit understanding with each other and with others, both known and unknown to the grand jury, to:

1) knowingly, intentionally and unlawfully possess with intent to distribute and distribute heroin, said conspiracy involving a kilogram or more of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(A);

2) knowingly, intentionally and unlawfully possess with intent to distribute and distribute heroin, said conspiracy resulting in serious bodily injury to another person from the use of heroin distributed on March 15, 2011, in violation of Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(C);

3) knowingly, intentionally and unlawfully possess with intent to distribute and distribute cocaine base (commonly known as "crack" cocaine), a Schedule II controlled substance, said conspiracy involving 280 grams or more of "crack" cocaine, in violation of Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(A);

4) knowingly, intentionally and unlawfully possess with intent to distribute and distribute cocaine, said conspiracy involving 500 grams or more of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(B);

5) knowingly, intentionally and unlawfully possess with intent to distribute and distribute a quantity of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(D); and

6) open, lease, rent, use, and maintain various places in Charleston (including apartments or residences located within Bridgeview (formerly known as Bayside), or North Romney Street, Athens Court, and King Street), for the purpose of manufacturing and distributing various Schedule I and II controlled substances, in violation of Title 21, United States Code, Section 856(a)(1);

All in violation of Title 21, United States Code, Section 846.

## COUNT 2

THE GRAND JURY FURTHER CHARGES:

On or about July 21, 2009, in the District of South Carolina, the defendant, **MONQUESE JENKINS, a/k/a "BG", a/k/a Sadiki Whitfield, a/k/a Chaz Burkett**, knowingly, intentionally and unlawfully did possess with intent to distribute and did distribute a quantity of heroin, a Schedule I controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 3

THE GRAND JURY FURTHER CHARGES:

On or about July 22, 2009, in the District of South Carolina, the defendant, **DERRICK CRISWELL, a/k/a "DC", a/k/a "Crosser", a/k/a "Double Crosser"**, knowingly, intentionally and unlawfully did possess with intent to distribute and did distribute a quantity of heroin, a Schedule I controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 4

THE GRAND JURY FURTHER CHARGES:

On or about July 31, 2009, in the District of South Carolina, the defendant, **DERRICK CRISWELL, a/k/a "DC", a/k/a "Crosser", a/k/a "Double Crosser"**, knowingly, intentionally and unlawfully did possess with intent to distribute and did distribute a quantity of heroin, a Schedule I controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 5

THE GRAND JURY FURTHER CHARGES:

On or about September 1, 2009, in the District of South Carolina, the defendant, **DERRICK CRISWELL, a/k/a "DC", a/k/a "Crosser", a/k/a "Double Crosser"**, knowingly, intentionally and unlawfully did possess with intent to distribute and did distribute a quantity of heroin, a Schedule I controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 6

THE GRAND JURY FURTHER CHARGES:

On or about December 29, 2009, in the District of South Carolina, the defendant, **JERMAINE LORENZO BAILEY, a/k/a "Yellow"**, knowingly, intentionally and unlawfully did possess with intent to distribute and did distribute a quantity of heroin, a Schedule I controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 7

THE GRAND JURY FURTHER CHARGES:

On or about January 22, 2010, in the District of South Carolina, the defendant, **ANGELA DENISE PRIOLEAU**, knowingly, intentionally and unlawfully did possess with intent to distribute and did distribute a quantity of heroin, a Schedule I controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

[4]

## COUNT 8

THE GRAND JURY FURTHER CHARGES:

On or about January 29, 2010, in the District of South Carolina, the defendant, **ANGELA DENISE PRIOLEAU**, knowingly, intentionally and unlawfully did possess with intent to distribute and did distribute a quantity of heroin, a Schedule I controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 9

THE GRAND JURY FURTHER CHARGES:

On or about February 17, 2010, in the District of South Carolina, the defendant, **MONQUESE JENKINS, a/k/a "BG", a/k/a Sadiki Whitfield, a/k/a Chaz Burkett**, knowingly, intentionally and unlawfully did possess with intent to distribute and did distribute a quantity of heroin, a Schedule I controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 10

THE GRAND JURY FURTHER CHARGES:

On or about July 2, 2010, in the District of South Carolina, the defendant, **SHAWN DEMETRIUS BLOUNT, a/k/a Cut", a/k/a "Ray"**, knowingly, intentionally and unlawfully did possess with intent to distribute and did distribute a quantity of cocaine, a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 11

THE GRAND JURY FURTHER CHARGES:

On or about August 14, 2010, in the District of South Carolina, the defendants,

SHAKENTH RENARD DEVEAUX, a/k/a "Lil D", a/k/a Dernard Deveaux, a/k/a Shakenth Bernard Deveaux, a/k/a Shakenth Deveaux; and CEPHUS MITCHELL, a/k/a "C-4", a/k/a "Lil C", knowingly used and carried a firearm during and in relation to, and did possess a firearm in furtherance of, a drug trafficking crime and a crime of violence, both of which are prosecutable in a court of the United States, and did aid and abet each other in the commission of the aforesaid offense, during which the firearm was discharged;

In violation of Title 18, United States Code, Sections 2 and 924(c)(1)(A)(iii).

## COUNT 12

THE GRAND JURY FURTHER CHARGES:

On or about August 14, 2010, in the District of South Carolina, the defendant, **CEPHUS MITCHELL, a/k/a "C-4", a/k/a "Lil C"**, having been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly did possess in and affecting commerce, a firearm and ammunition, that is, a .40 caliber semi-automatic pistol and .40 caliber ammunition, all of which had been shipped and transported in interstate and foreign commerce

In violation of Title 18, United States Code, Sections 2, 922(g)(1), 924(a)(2) and 924(e).

## COUNT 13

THE GRAND JURY FURTHER CHARGES:

On or about August 21, 2010, in the District of South Carolina, the defendants, **SHAKENTH RENARD DEVEAUX, a/k/a "Lil D", a/k/a Dernard Deveaux, a/k/a Shakenth Bernard Deveaux, a/k/a Shakenth Deveaux; VASHTY WEST; CEPHUS MITCHELL, a/k/a "C-4", a/k/a "Lil C"; and SHAWN DEMETRIUS BLOUNT, a/k/a "Cut", a/k/a "Ray"**, as principals, aiders and abettors and as co-participants in jointly undertaken criminal activity, knowingly did use and carry a firearm during and in relation to, and did possess a firearm in

furtherance of, a crime of violence and a drug trafficking crime, both of which are prosecutable in a court of the United States, and did cause the death of a person through the use of the firearm in such a manner to constitute murder as defined in Title 18, United States Code, Section 1111, in that the defendants, with malice aforethought, did unlawfully kill Jamar Gathers by willfully, deliberately, and maliciously shooting him with a firearm, with premeditation, and did aid and abet each other in the aforesaid offense;

All in violation of Title 18, United States Code, Sections 924(c)(1), 924(c)(1)(A)(iii), 924(j)(1) and 2.

## COUNT 14

THE GRAND JURY FURTHER CHARGES:

On or about November 16, 2010, in the District of South Carolina, the defendant, **JERMAINE LORENZO BAILEY, a/k/a "Yellow"**, knowingly, intentionally and unlawfully did possess with intent to distribute and did distribute a quantity of heroin, a Schedule I controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 15

THE GRAND JURY FURTHER CHARGES:

On or about February 10, 2011, in the District of South Carolina, the defendant, **JERMAINE LORENZO BAILEY, a/k/a "Yellow"**, knowingly, intentionally and unlawfully did possess with intent to distribute and did distribute a quantity of heroin, a Schedule I controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 16

THE GRAND JURY FURTHER CHARGES:

On or about April 7, 2011, in the District of South Carolina, the defendant, **JERMAINE LORENZO BAILEY, a/k/a "Yellow"**, knowingly, intentionally and unlawfully did possess with intent to distribute and did distribute a quantity of heroin, a Schedule I controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 17

THE GRAND JURY FURTHER CHARGES:

On or about April 13, 2011, in the District of South Carolina, the defendant, **SHAWN DEMETRIUS BLOUNT, a/k/a "Cut", a/k/a "Ray"**, knowingly, intentionally and unlawfully did possess with intent to distribute and did distribute a quantity of heroin, a Schedule I controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 18

THE GRAND JURY FURTHER CHARGES:

Between on or about May 10, 2011 and May 15, 2011, in the District of South Carolina and elsewhere, the defendant, **GARY LAMONTT SMITH, a/k/a Marion Alexander Smith, Jr., a/k/a Jermaine Arcel Turner, a/k/a "G", a/k/a "Black"**, aided and abetted by Trown Davis, knowingly, intentionally and unlawfully did attempt to possess with intent to distribute 100 grams or more of a quantity of heroin, a Schedule I controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B) and 846.

## COUNT 19

THE GRAND JURY FURTHER CHARGES:

On or about May 18, 2011, in the District of South Carolina, the defendant, **SHAWN DEMETRIUS BLOUNT, a/k/a "Cut", a/k/a "Ray"**, knowingly, intentionally and unlawfully did possess with intent to distribute a quantity of heroin, a Schedule I controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 20

THE GRAND JURY FURTHER CHARGES:

On or about May 18, 2011, in the District of South Carolina, the defendant, **JERMAINE LORENZO BAILEY, a/k/a "Yellow"**, having been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly did possess in and affecting commerce, firearms and ammunition, that is, a Smith and Wesson .40 cal. semi-automatic pistol, a Mossberg 12 gauge shotgun, 12 gauge shotgun ammunition and .40 caliber ammunition, all of which had been shipped and transported in interstate and foreign commerce;

In violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2) and 924(e).

## COUNTS 21 – 35

THE GRAND JURY FURTHER CHARGES:

That on or about the dates set forth below, in the District of South Carolina and elsewhere, the defendants listed below knowingly and intentionally did use a communication facility, that is, a telephone, to facilitate the commission of a felony under the Controlled Substances Act, to wit: conspiracy to distribute, possession with intent to distribute, and distribution of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 846;

[9]

| COUNT | DATE | DEFENDANT OR DEFENDANTS |
|---|---|---|
| 21 | January 29, 2011 | **SHAWN DEMETRIUS BLOUNT** |
| 22 | February 20, 2011 | **JERMAINE LORENZO BAILEY**<br>**SHAWN DEMETRIUS BLOUNT** |
| 23 | February 28, 2011 | **JERMAINE LORENZO BAILEY** |
| 24 | March 13, 2011 | **JERMAINE LORENZO BAILEY** |
| 25 | March 29, 2011 | **GARY LAMONTT SMITH** |
| 26 | March 31, 2011 | **GARY LAMONTT SMITH** |
| 27 | April 1, 2011 | **SHAWN DEMETRIUS BLOUNT**<br>**JERMAINE LORENZO BAILEY** |
| 28 | April 1, 2011 | **JERMAINE LORENZO BAILEY** |
| 29 | April 3, 2011 | **GARY LAMONTT SMITH** |
| 30 | April 7, 2011 | **JERMAINE LORENZO BAILEY** |
| 31 | April 8, 2011 | **JERMAINE LORENZO BAILEY** |
| 32 | April 18, 2011 | **GARY LAMONTT SMITH**<br>**SHAKENTH RENARD DEVEAUX** |
| 33 | May 10, 2011 | **SHAKENTH RENARD DEVEAUX**<br>**JERMAINE LORENZO BAILEY** |
| 34 | May 13, 2011 | **SHAKENTH RENARD DEVEAUX**<br>**JERMAINE LORENZO BAILEY** |
| 35 | May 16, 2011 | **GARY LAMONTT SMITH** |

All in violation of Title 21, United States Code, Section 843(b), and Title 18, United States Code, Section 2.

## NOTICE OF ENHANCEMENT

Pursuant to Title 18, United States Code, Section 521, notice is given to the defendants, **GARY LAMONTT SMITH**, a/k/a "G", a/k/a "Black", a/k/a Marion Alexander Smith, Jr., a/k/a Jermaine Arcel Turner; **SHAKENTH RENARD DEVEAUX**, a/k/a "Lil D", a/k/a Dernard Deveaux, a/k/a Shakenth Bernard Deveaux, a/k/a Shakenth Deveaux; **CEPHUS MITCHELL**, a/k/a "C-4", a/k/a "Lil C"; **MONQUESE JENKINS**, a/k/a "BG", a/k/a Sadiki Whitfield, a/k/a Chaz Burkett; **SHAWN DEMETRIUS BLOUNT**, a/k/a "Cut", a/k/a "Ray"; **DERRICK CRISWELL**, a/k/a "DC", a/k/a "Crosser", a/k/a "Double Crosser", that the Government intends to present evidence of the following:

That the defendants, **GARY LAMONTT SMITH**, a/k/a "G", a/k/a "Black", a/k/a Marion Alexander Smith, Jr., a/k/a Jermaine Arcel Turner; **SHAKENTH RENARD DEVEAUX**, a/k/a "Lil D", a/k/a Dernard Deveaux, a/k/a Shakenth Bernard Deveaux, a/k/a Shakenth Deveaux; **CEPHUS MITCHELL**, a/k/a "C-4", a/k/a "Lil C"; **MONQUESE JENKINS**, a/k/a "BG", a/k/a Sadiki Whitfield, a/k/a Chaz Burkett; **SHAWN DEMETRIUS BLOUNT**, a/k/a "Cut", a/k/a "Ray"; **DERRICK CRISWELL**, a/k/a "DC", a/k/a "Crosser", a/k/a "Double Crosser", committed violations of 21 U.S.C. §846 and 841(a)(1), and are persons who:

(1) participated in a criminal street gang as defined in 18 U.S.C. §521(a), with knowledge that its members engage in or, in the past five years, have engaged in a continuing series of criminal activities that constitute

    (a) a Federal felony involving a controlled substance (as defined in section 102 of the Controlled Substance Act, 21 U.S.C. §802) for which the maximum penalty is not less than five years' imprisonment; or

    (b) a Federal felony that has as an element use of violence or the attempted use of violence against another person; or

    (c) a conspiracy to commit a Federal felony involving a controlled substance for which the maximum penalty is not less than five years' imprisonment; or

    (d) a conspiracy to commit a Federal felony that has as an element the use of violence or the attempted use of violence against another person; and who

(2) intend to promote or further the felonious activities of the criminal street gang, or maintain or increase their position in the gang; and who

(3) have been convicted within the past five years for

(a) a Federal felony involving a controlled substance (as defined in section 102 of the Controlled Substance Act, 21 U.S.C. §802) for which the maximum penalty is not less than five years' imprisonment; or

(b) a Federal felony that has as an element use of violence or the attempted use of violence against another person; or

(c) a State felony

   (1) involving a controlled substance (as defined in section 102 of the Controlled substance Act, 21 U.S.C. §802), for which the maximum penalty is not less than five years' imprisonment; or

   (2) that is a crime of violence that has an element the use or attempted use of physical force against another person; or

(d) a Federal or State felony that by its nature involves a substantial risk that physical force may be used against another person in the commission of the offense; or

(e) a conspiracy to commit the type of offense described above in (3)(a), (3)(b), (3)(c), or (3)(d).

A \_\_\_TRUE\_\_\_ BILL

FOREPERSON

WILLIAM N. NETTLES (sk)
UNITED STATES ATTORNEY

[12]