IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | No. 2:11-cv-0472-DCN-1 |
| vs. | ) | |
| | ) | **ORDER** |
| GARY LAMONTT SMITH, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on defendant Gary Lamontt Smith's ("Smith") motion to reduce sentence, ECF No. 1918. For the reasons set forth below, the court denies the motion.

## I.  BACKGROUND

On December 11, 2011, the government named Smith in a fourth superseding indictment charging him and a number of codefendants with crimes relating to their participation in a vast drug distribution network. ECF No. 1187. On April 30, 2013, after the first day of a trial, Smith pled guilty pursuant to a Rule 11(c)(1)(C) plea agreement to Count One of the indictment, which charged Smith with a conspiracy to distribute heroin in violation of 21 U.S.C. § 846. ECF No. 1366. Prior to sentencing, the United States Probation Office prepared a presentence report ("PSR"), which noted that Smith was subject to certain sentence enhancements based on, inter alia, his membership in a street gang and his previous felony drug convictions. ECF No. 637. With respect to the crime for which he was convicted, the PSR held Smith accountable for "a conservative total of 10.425 kilograms of heroin." Id. ¶ 29. The PSR also noted that "[h]ad the defendant not been offered and accepted a Rule 11(c)(1)(C) plea agreement, Smith was facing mandatory LIFE imprisonment, pursuant to 21 U.S.C. §[§]

1

841(b)(1)(A) and 851.  As a result of his plea, the parties have agreed to a 19[-]year, or 228[-]month, imprisonment term." Id. ¶ 71 (emphasis in original).

On September 19, 2013, the court sentenced Smith to a 228-month term of imprisonment, pursuant to his Rule 11(c)(1)(C) plea agreement.  ECF No. 1639.  On January 20, 2015, Smith filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), pursuant to Amendment 782 to the United States Sentencing Guidelines (the "Guidelines").  ECF No. 1918.  The court determined that Smith was "not eligible for consideration based upon th[e] amendment [ ] because he entered a Rule 11(c)(1)(C) plea agreement," and thus denied the motion.  ECF No. 2115 at 1.  The court premised its ruling upon United States v. Brown, which held that relief under § 3582(c)(2) is "usually not available" where a defendant pleads guilty pursuant to a Rule 11(c)(1)(C) plea agreement except where "the plea agreement itself expressly refers to and relies upon" the defendant's Guideline range.  653 F.3d 337, 340 (4th Cir. 2011).

Smith appealed the court's order, and, during the pendency of his appeal, the Supreme Court issued Hughes v. United States, which abrogated the Fourth Circuit's decision in Brown.  138 S. Ct. 1765, 1775 (2018).  In Hughes, the Supreme Court announced that § 3582(c)(2) authorizes a district court to reduce a defendant's sentence, even where the defendant entered into a Rule 11(c)(1)(C) plea agreement, if the Guidelines range "was a basis for the court's exercise of discretion in imposing a sentence." Id. at 1775.  Where the Guidelines range "was not a relevant part of the analytic framework the judge used to . . . approve the agreement," the Supreme Court continued, "then the defendant's sentence was not based on that sentencing range, and relief under § 3582(c)(2) is unavailable." Id. at 1776.  Accordingly, the Fourth Circuit

vacated the court's order denying Smith's motion to reduce his sentence, noting that the court denied the motion "without the benefit of Hughes[.]" ECF No. 2456 at 3. Because the Fourth Circuit could "not conclude that the [ ] court eschewed the Guidelines range in favor of other sentencing factors," id., it remanded the motion with instructions to determine "whether Smith is eligible for relief . . . in the first instance," id. at 3 n.*.

On May 14, 2019, the court held a hearing on Smith's remanded motion to reduce sentence. ECF No. 2499. The night before the hearing, Smith's counsel filed a memorandum in support of his motion. ECF No. 2498. Therefore, the court declined to resolve the motion from the bench, noting that the government "ought to have a chance to respond to" the late-night filing. ECF No. 2525, 15:8–9. Thus, the court permitted the government the opportunity to respond and opted to resolve Smith's motion "on [the] paper[s]." Id. at 1–2. The government took a considerable amount of time to seize that opportunity. On October 27, 2020, the government filed a response to Smith's memorandum in support of his motion to reduce his sentence. ECF No. 2550. As such, this motion is, at long last, ripe for the court's review.

## II.  DISCUSSION

In his motion, Smith asks the court to reduce his sentence based on the effect Amendment 782 has on his Guidelines range. The court denies the request for two reasons. First, the court's acceptance of Smith's plea was based on the agreement between Smith and the government, not on Smith's Guidelines range. The Honorable Judge Patrick Duffy presided over the proceedings when Smith was initially sentenced. From the court's reading of the record, it seems clear that Judge Duffy based his

acceptance of Smith's proposed sentence on the parties' agreement to the plea deal, not Smith's Guidelines range:

> [Y]ou're now under an agreement that you came to with the U.S. Attorney, where <u>the guidelines don't make any difference</u>, and there is not going to be any motion, and there's not going to be any variance, because you have agreed to the sentence itself, which is 19 years. And I think you were wise to do that. But there's no way in the world at this point that that's going to change. You made that bargain and you're going to live with that bargain, as the Government must . . . . And now you come to court and want to contest various issues in the presentence report, when it's irrelevant, and at this point academic.

ECF No. 1678 at 5 (emphasis added). Therefore, Smith's Guidelines range clearly "was not a relevant part of the analytic framework" Judge Duffy used to "approve the agreement," meaning that "relief under § 3582(c)(2) is unavailable." <u>Hughes</u>, 138 S. Ct. at 1776.

Moreover, even assuming that the record before the court left some doubt as to the basis for Smith's sentence, the court finds that Smith is not entitled to a reduction based on the relevant sentencing factors. In sentencing a defendant or, in this case, determining whether a reduction is justified, 18 U.S.C. § 3553(a) requires a court to "impose a sentence sufficient, but not greater than necessary," considering the following factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;

> (4) the kinds of sentence and the sentencing range established for [the offense committed];
> [. . .]
> (5) any pertinent policy statement
> [. . .]
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

As set out in the PSR, Smith had a leadership role in a vast heroin distribution conspiracy that began in 2006. The object of the conspiracy included transporting heroin from New York to South Carolina for distribution to South Carolina citizens. The vastness of the conspiracy is underscored by the initial indictments' inclusion of twenty-seven co-defendants. Prior to his leadership role in the conspiracy for which he is currently incarcerated, Smith received three separate convictions for possession with intent to distribute heroin. ECF No. 637 ¶¶ 35, 36, 38. His criminal history, membership in a street gang, possession of a striking volume of heroin, and conviction qualified Smith for a sentence of life imprisonment. Id. at § 71. As such, the court's consideration of the § 3553(a) factors does not justify a reduction to Smith's 220-month sentence. Thus, his motion is denied.

### III.  CONCLUSION

For the foregoing reasons the court **DENIES** the motion to reduce sentence.

**AND IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　**DAVID C. NORTON**
　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

**February 12, 2021**
**Charleston, South Carolina**